**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JANE DOE, on behalf of herself and others similarly situated,** | Civ. No. _____ |
| **Plaintiff,** | |
| **v.** | **CLASS ACTION COMPLAINT** |
| **ACCUTRACE, INC.,** | **(Trial by Jury Demanded)** |
| **Defendant.** | |

On behalf of herself and all others similarly situated, Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe"), through her attorneys, the law firms of the Law Office of Adam G. Singer, PLLC and Francis & Mailman, P.C., respectfully alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters as follows:

## I.     NATURE OF THE CASE

1.     This is a consumer class action based upon Defendant Accutrace, Inc.'s willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Plaintiff brings this action on behalf of consumers throughout the country who have been the subject of unfair, prejudicial, misleading and illegal background reports performed by Accutrace and sold to prospective employers. Accutrace has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting outdated adverse public record information that is required to be excluded from the consumer reports that it sells.

2.     Plaintiff also asserts claims against Defendant for its violation of the FCRA by generating and selling to a prospective employer a criminal background report containing a juvenile offense that had been sealed many years before. Had Accutrace followed reasonable

procedures to assure maximum possible accuracy, such as checking the actual court records, this conviction would not have been reported.  Criminal background reports that Accutrace creates and sells nationwide routinely include inaccurate information about criminal records, including criminal records that have been expunged, vacated, sealed or dismissed, because Accutrace relies on unreliable sources for its information.

3.      Accutrace's practice harms consumers seeking employment by prejudicing their employers and prospective employers with inaccurate and outdated adverse information, and also harms interstate commerce as a whole.

4.      The prejudice caused by the erroneous reporting of sealed records and outdated adverse public record information is exacerbated by Accutrace's failure to notify the consumer contemporaneously of the fact that the erroneous outdated information is being sent to an employer or prospective employer, and Accutrace's failure to maintain strict procedures to insure that adverse information it reports is accurate, complete and up to date and that sealed or outdated adverse public record information is removed from its reports.

5.      As a result, consumers who are entitled to receive copies of their credit files from Accutrace pursuant to section 1681g of the FCRA are deprived of full disclosure, and unable to adequately verify and or dispute the information that Accutrace is selling to employers. Accutrace's practice harms consumers seeking employment by prejudicing their employers and prospective employers with outdated, adverse information, and also harms interstate commerce as a whole.

6.      Congress also created heightened standards regulating the use of consumer reports for employment purposes.  15 U.S.C. § 1681b(b)(3).  Under the FCRA, a person using a consumer report for employment purposes who intends to take any adverse employment action based in

whole or in part on the report must provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, **before taking such adverse action**.  *Id.* After an adverse action occurs, the applicant must receive a second notice mandated by 15 U.S.C. § 1681m.

7.      This is one of the most fundamental protections afforded to employees under the FCRA.  The purpose of the pre-adverse action notice is to allow prospective and current employees an opportunity to clear up any inaccuracies or misstatements in the report and to address any misunderstandings the report may have created for the employer before the employer receives a supposedly "verified" report from a third-party agency.  For this reason, the FCRA is designed to provide employees/applicants with ample time to identify inaccuracies or misunderstandings in their consumer reports and correct or explain them before the employer has made an employment decision.

8.      In violation of the FCRA, Defendant willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement and failed to provide a copy of the inaccurate background report **before** the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3).  Every year, individuals who have applied for employment have been similarly aggrieved by the Defendant's same violation of 15 U.S.C. § 1681b(b)(3).

## II.      JURISDICTION & VENUE

9.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.     PARTIES

11.     Plaintiff Jane Doe is an adult individual who resides in Mt. Vernon, New York.

12.     Defendant Accutrace, Inc. is a consumer reporting agency that has principal places

of business in Bryn Mawr and Coatesville, Pennsylvania and regularly conducts business throughout the country. Accutrace touts itself as "a nationwide full-service background screening and healthcare/military credentialing company." *See* http://www.accu-trace.com/company.php.

## IV.   FACTUAL ALLEGATIONS

### A.   Accutrace's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Information For Employment Purposes

#### 1.   Accutrace Reports Inaccurate, Antiquated and Sealed Information

13.     At all times pertinent hereto, Accutrace was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA, and a "person" as defined by section 1681a(b).

14.     At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

15.     Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

16.     Accutrace investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

17.     From its files, Accutrace sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants or employees. According to its website, Accutrace "provides a full-spectrum of domestic and international background screening and credentialing solutions for businesses and organizations of all sizes. Our full suite of screening and credentialing services range from data verification and collection to full-credentialing and proactive credentials tracking. With Accutrace you always get complete, concise, compliant and accurate reports at the right price— delivered directly to you through our user-friendly and secure web-based ordering system." *See* http://accu-

trace.com/services.php#employment-screening.

18.     When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required to exclude adverse items of information, including records of arrest, which antedate the consumer report by more than seven years.  *See* 15 U.S.C. § 1681c(a)(5).

19.     Adverse items of information, such as records of arrest which antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more.  *See* 15 U.S.C. § 1681c(b)(3).

20.     A CRA is also prohibited from disclosing records of offenses that have been ordered sealed by a court.

21.     Despite these clear and unambiguous requirements of the FCRA, Accutrace sells adverse items of information, including records of arrest, which predate the consumer report by more than seven years, before Accutrace knows or would have any reason to know that the consumer credit report is being used in connection with the employment of an individual who meets the FCRA salary threshold requirement of an annual salary of $75,000 or more.

22.     Based on a common policy and practice, Accutrace regularly and unlawfully reports outdated criminal records.

23.     Accutrace also reports records of offenses, such as juvenile offenses, that have been sealed by court order.

24.     Accutrace's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer job applicants and interstate commerce.  When consumers have been reported as having criminal records that are required by law not to be reported, they are viewed as

less desirable job applicants and more likely not to be hired or continue to be employed by the employers who pay Accutrace for such reports.

25.     Despite its duties to refrain from reporting outdated, sealed and adverse information, Accutrace has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

**2.     Accutrace Takes Adverse Action Against Consumers Before Providing Notice**

26.     In addition to providing background reports, on information and belief, Accutrace also provides to its employment screening customers an additional service called "adjudication." Under this service, Accutrace scores an applicant eligible or ineligible for employment based upon an adjudication "matrix" that the customer developed with Accutrace using its hiring criteria. Reports are then adjudicated by Accutrace as either meeting or not meeting the customer's requirements.

27.     The adjudication service is attractive to Accutrace's customers who are constantly hiring and promoting in large volumes because it provides the customer with a remote, outsourced tool to make its employment decisions rapidly.

28.     Once Accutrace adjudicates an applicant as ineligible for employment on a background report (because that applicant purportedly has a criminal court record, for example) that adjudication removes an applicant from hiring consideration.

29.     Employers will, in effect, adopt Accutrace's adjudication as their own, without any further process given to the job applicant, and take adverse action based upon that adjudication.

30.     As in the case of Plaintiff, an employer will move forward with the applications of other candidates, but not those applicants adjudicated by Accutrace as not meeting the employer's hiring criteria.

31.     Under the FCRA, any "person" using a consumer report, such as Defendant, who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report, must provide notice of that fact to the consumer-applicant and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, before taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A); *see also Goode v. LexisNexis Risk & Info. Analytics*, 848 F. Supp. 2d 532, 542 (E.D. Pa. 2012) (more than one business can be a user of a single background report; "Under the FCRA, 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. § 1681a(b). Thus, defendant is a person and must comply with § 1681b(b)(3)(A).").

32.     A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate or discuss the report with the prospective employer before adverse action is taken.  *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken.").

33.     Numerous courts interpreting the FCRA have found FTC opinion letters persuasive.  *See, e.g., Owner-Operator Independent Drivers Ass'n, Inc. v. USIS Commercial*, 537 F.3d 1184, 1192 (10th Cir. 2008); *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 468 (5th Cir. 2006).  *See also Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271-72 n.5 (3d Cir. 2013) (affording some deference to Federal Communication Commission analysis and finding it persuasive in interpreting Telephone Consumer Protection Act).

34.     Consistent with that purpose, federal courts have held that consumers must be provided with the report "a sufficient amount of time before … adverse action [is taken] so that the consumer may rectify any inaccuracies in the report."  *Williams v. Telespectrum, Inc.*, 2006 WL 7067107 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) (quoting *Williams*).  In *Reardon v. Closetmaid Corp.*, 2011 WL 1628041 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their consumer report at least five days before being notified that the employer might take adverse action.

35.     The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that she is about to experience an adverse action, such as a rejection, based on the content of a report, and to provide her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

36.     Accutrace typically does not provide job applicants with a copy of their consumer reports or a statement of their FCRA rights before taking adverse action against them based upon the information in such reports, despite being required to do so by section 1681b(b)(3)(A) of the FCRA.

37.     Such consumers are prejudiced in their ability to adequately determine whether the information is being property reported.  Pursuant to Accutrace's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report because it has already been sold to the employer by Accutrace and has formed the basis of a decision not to hire the applicant.

38.     The FCRA statutory text, the FTC opinions and the cases cited constitute significant

authority that existed during the time Defendant failed to comply with the pre-adverse action requirements of 15 U.S.C. § 1681b(b)(3)(A).

39.     Despite its duties to provide timely and proper pre-adverse action notice, Accutrace has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards its duties, in violation of the FCRA.

**B.      The Use of Accutrace's Background Screening Reports**

40.     In this case, three different healthcare staffing companies, Cross Country Healthcare, Inc. ("CCH"), Optimal Workforce Solutions, LLC ("OWS") and Medical Staffing Network, Inc. ("MSN") (collectively, "Staffing Companies") combined to purchase and use Accutrace's screening services to conduct a background check on Plaintiff Doe in connection with her application for employment.  The background report resulting from Accutrace's services was delivered directly to the Staffing Companies.

41.     This process utilized by Accutrace in connection with Plaintiff's application for employment is typical of its business practices, and utilized with most, if not all, of its customers seeking background reports on employment applicants.

42.     Through their agreements with Accutrace, the Staffing Companies and other Accutrace customers have deputized Accutrace with the responsibility of adjudicating employment applicants' eligibility for employment based on the information in their consumer reports.

43.     If an employment applicant's consumer report has negative information that Accutrace's customers deem preclusive of employment based on their criteria, Accutrace communicates its adjudicated conclusion to its client who in turn relies upon the conclusion in making employment decisions.

44.     When Accutrace negatively adjudicates a consumer on behalf of the Staffing

Companies or its other customers, those customers are taking an action that adversely affects consumers, more specifically, one that will result in the consumer not being hired or being terminated.

**C.      The Experience of Plaintiff Jane Doe**

45.      In or about October 2016, Plaintiff Jane Doe sought employment through CCH for a position of Patient Care Assistant with Westchester Medical Center in Valhalla, New York.

46.      Following an interview at Westchester Medical, Ms. Doe was sent a letter, dated October 26, 2016 and on the letterhead of OWS, that confirmed a verbal offer of employment as a Patient Care Assistant, to begin work on November 14, 2016 at an hourly wage of $16.00.  The letter stated that the offer was contingent on, among other things, a "Background Screen," and that it was valid through October 27, 2016.

47.      Because Ms. Doe had no criminal record, Ms. Doe relied on the job offer and called her current employer to notify them that she would relinquish her full-time schedule there and switch to a part-time per diem schedule.  As a result, her hours of employment were reduced.

48.      Ms. Doe signed her acceptance of the offer and returned the letter to Westchester Medical on October 27, 2016.  On that same day, she met with Westchester Medical personnel, was given an explanation of job functions, taken on a tour of the facilities and introduced to staff.

49.      Later that day, Ms. Doe received a telephone call from Alecia Kelly-Ormond, a human resources manager for CCH and OWS, who informed her that Westchester Medical could not go forward with her employment because of a "flag" on her background check.

50.      Ms. Doe did not understand what Ms. Kelly-Ormond was referring to.  Ms. Kelly-Ormond did not disclose the name of the company that had performed the background check.

51.      Ms. Doe was removed from hiring consideration based upon the "flag" appearing on the background report, which adjudicated Ms. Doe as being not eligible for employment.

52.     The Staffing Companies adopted Accutrace's adjudication as their own without any further process being provided to Ms. Doe and took adverse action against Plaintiff on October 27, 2016 based upon that adjudication.

53.     Eight days later, on November 4, 2016, Plaintiff was mailed a letter labeled as "Preliminary Notice of Adverse Action."  Plaintiff did not receive the letter until several days later.

54.     The letter was dated October 28, 2016.  The envelope was postmarked November 4, 2016, and bore a return address of "Accutrace, Inc., P.O. Box 624, Bryn Mawr, PA 19010."

55.     The letter was written on the letterhead of MSN, with an address of 901 Yamato Rd., Suite 110, Boca Raton, FL 33431, and signed "Sincerely, Paulette Ballard, Director of Employee Relations, Medical Staffing Network."   The letter also stated, "Return Service Requested, C/O Medical Staffing Network, POB 624, Bryn Mawr, PA 19010."

56.     By the time the October 28, 2016 letter, postmarked November 4, 2016, was received by Ms. Doe, she was already denied the job at Westchester Medical based upon the consumer report from Accutrace.

57.     Defendant's negative adjudication of Plaintiff's application occurred prior to Plaintiff being notified in writing of that fact and prior to Plaintiff being provided with a copy of the report or any meaningful opportunity to dispute it.  In doing so, Defendant failed to comply with the FCRA's pre-adverse action notification requirements.

58.     It was when she received the letter and the Accutrace report, well over a week after her telephone conversation with Ms. Kelly-Ormond, that Ms. Doe first learned that the "flag" referred to the Accutrace background report obtained by the Staffing Companies that improperly and erroneously disclosed a record of a 2004 incident that occurred when she was a juvenile, which is by law not a public record.  The record was of a non-conviction that had been ordered sealed by

the City Court of Mount Vernon in September 2010.

59.     The Accutrace report inaccurately stated that the source of the information was "Mount Vernon City Court."  This statement of the source was necessarily inaccurate because the public record had been ordered sealed in September 2010, more than six years earlier.

60.     Accutrace's practices and procedures described herein affected not only Ms. Doe, but also other applicants for employment who had outdated adverse information that was deliberately, knowingly and recklessly reported by Accutrace to prospective employers.  By way of example, and not limitation, the FCRA's restriction to the reporting of adverse arrest record information for not more than seven years, *see* 15 U.S.C. § 1681c(a)(5), requires that a CRA report the actual and correct date of arrest.  Such date starts the statutory purge time period.  By failing to maintain strict procedures to insure reporting of complete and up to date public record information, Accutrace's practices directly conflict with the purposes of the FCRA and result in harm to consumers.

61.     Moreover, the reporting of a non-conviction resulting from a juvenile offense, and the reporting of a sealed record, directly violates the FCRA's requirement of "maximum possible accuracy," 15 U.S.C. § 1681e(b), as well as the Congressional mandate that CRAs exercise their "grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," and that they adopt reasonable procedures for reporting information "which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information…."  15 U.S.C. § 1681(a)(4), (b).

62.     The harm suffered by Ms. Doe as a result of Accutrace's actions and omissions was particularized and concrete as she lost a job directly as a result of Defendant's conduct.

63.     Congress has long provided in the FCRA for the rights of consumers to be free from

the reporting of inaccurate information about them.  Such inaccurate and defamatory reporting, as

performed by Accutrace in this case, is also grounded in the common law tort of libel and invasion

of privacy.  Accutrace published and sold information labeling Ms. Doe as a criminal when, in

fact, the juvenile offense led only to a non-conviction and had long since been sealed by court

order, over six years earlier.

64.     At all times pertinent hereto, Accutrace's conduct was a result of its deliberate

policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as

set forth in the FCRA, and further assumed an unjustifiably high risk of harm.

65.     At all times pertinent hereto, Defendant was acting by and through its agents,

servants and/or employees who were acting within the course and scope of their agency or

employment, and under the direct supervision and control of the Defendant herein.

## VI.     CLASS ACTION ALLEGATIONS

66.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a)

and 23(b)(3) on behalf of the following Classes:

      a.      **The 1681c Class**.  All consumers residing in the United States
(including all Territories and other political subdivisions of the United States) who,
beginning five years prior to the filing of the Complaint and continuing through the
resolution of this action, were the subject of any consumer report prepared by
Accutrace which included any non-conviction criminal record which antedated the
report by more than seven years.

      b.      **The 1681e(b) Sealed Record Class**.  All consumers residing in the
United States (including all Territories and other political subdivisions of the
United States) as to whom, beginning five years prior to the date of the filing of the
Complaint and continuing through the resolution of this action, Defendant reported
a public record or criminal record that had been expunged, vacated, sealed or
dismissed prior to the date of the report in connection with an application for a
residential lease or tenancy, employment or credit.

      c.      **The 1681e(b) Juvenile Record Class**.  All consumers residing in
the United States (including all Territories and other political subdivisions of the
United States) as to whom, beginning five years prior to the date of the filing of the
Complaint and continuing through the resolution of this action, Defendant reported

a public record or criminal record of a juvenile offense in connection with an application for a residential lease or tenancy, employment or credit.

d.      **The 1681b(b)(3) Class**.  All applicants for employment residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a background report that was used by Defendant to take an adverse employment action regarding such applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Defendant failed to provide the applicant a copy of his or her consumer report or a copy of the FCRA summary of rights at least five business days before it took such adverse action.

67.      Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

68.      **Numerosity.  FED. R. CIV. P. 23(a)(1).**  The Class members are so numerous that joinder of all is impractical.   Upon information and belief, Accutrace sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Accutrace.

69.      **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members.   The common legal and factual questions include, among others:

a.       Whether Accutrace willfully violated section 1681c of the FCRA by failing to exclude outdated adverse information in its consumer reports;

b.      Whether Accutrace willfully violated section 1681e(b) of the FCRA by reporting expunged, vacated, sealed or dismissed public record or criminal record information to landlords, employers or credit grantors;

c.      Whether Accutrace willfully violated section 1681e(b) of the FCRA by reporting juvenile records;

d.      Whether Accutrace failed to provide each applicant for employment a copy

of their consumer report at least five business days before Defendant took adverse action based upon the consumer report;

e.      Whether Accutrace failed to provide each applicant for employment a copy of their written notice of FCRA rights at least five business days before Accutrace took adverse action based upon the consumer report; and

f.      Whether Accutrace acted willfully or negligently in disregard of the rights of employment applicants by failing to permit its employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

70.      **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Accutrace's common course of conduct.

71.      **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Classes.  Her interests are aligned with and not antagonistic to, the interests of the members of the Classes she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously.  Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Classes.

72.      **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Accutrace's conduct.  It would be virtually impossible for the members of the Class

individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Accutrace's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VII.   CAUSES OF ACTION

### COUNT I
### 15 U.S.C. § 1681c (Class Claim)

73.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

74.     At all times pertinent hereto, Accutrace was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

75.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

76.     At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

77.     Accutrace violated the FCRA by engaging in the following conduct in violation of 15 U.S.C. § 1681c(a)(5):

    a.      Failing to maintain strict procedures to assure that the adverse information being reported is not out of date; and

    b.      Failing to exclude outdated adverse information in its consumer reports.

78.     The violations by Accutrace were willful and negligent, rendering Defendant liable

for statutory damages, punitive damages, and actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT II
## 15 U.S.C. § 1681e(b) (Class Claim)

79.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

80.     At all times pertinent hereto, Accutrace was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

81.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

82.     At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

83.     Accutrace violated 15 U.S.C. § 1681e(b) as to Plaintiff, the 1681e(b) Sealed Record Class and the 1681e(b) Juvenile Record Class by willfully and negligently failing to follow reasonable procedures to assure maximum possible accuracy in the preparation and sale of consumer reports about Plaintiff and other consumers which contained public records or criminal records that had been expunged, vacated, sealed or dismissed prior to their sale and/or dissemination, or which contained records of juvenile offenses.

84.     The violations by Accutrace were willful and negligent, rendering Defendant liable for statutory damages, punitive damages, and actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT III
## 15 U.S.C. § 1681b(b)(3) (Class Claim)

85.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

86.     At all times pertinent hereto, Accutrace was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

87.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

88.     At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

89.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action.  15 U.S.C. § 1681b(b)(3)(A).

90.     For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee."  15 U.S.C. § 1681a(k)(1)(B)(ii).

91.     Accutrace is a "person" that regularly uses background reports for employment purposes.

92.     The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

93.     Defendant willfully or negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the 1681b(b)(3) Class the following before using such reports:  (a) the required pre-adverse action notice; (b) a copy of the consumer report; and, (c) a written description of the consumer's rights under the FCRA, and thereby denied the

consumers sufficient time to be able to review and dispute the report before Defendant took adverse action on their employment applications.

## COUNT IV
## 15 U.S.C. § 1681k (Individual Claim)

94.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

95.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Accutrace is liable for failing to failing to notify Plaintiff Doe that it was reporting public record information about her at the time it furnished such information to the Staffing Companies, and failing to maintain strict procedures to insure that the public record information it was reporting was complete and up to date, in violation of 15 U.S.C. § 1681k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A.     An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.     An award of actual, statutory and punitive damages for Plaintiff and the Classes;

C.     An award of pre-judgment and post-judgment interest as provided by law;

D.     An award of attorney's fees and costs; and

E.     Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: October 3, 2018                    Respectfully submitted,

                                BY:      */s/ Adam G. Singer*
                                         ADAM G. SINGER
                                         **LAW OFFICE OF ADAM G. SINGER, PLLC**
                                         445 Hamilton Avenue, Suite 1102
                                         White Plains, New York 10601
                                         T: 212.842.2428
                                         E: asinger@adamsingerlaw.com

                                         **FRANCIS & MAILMAN, P.C.**
                                         JAMES A. FRANCIS
                                         DAVID A. SEARLES
                                         1600 Market Street, Suite 2510
                                         Philadelphia, PA 19103
                                         T: 215.735.8600
                                         F: 215.940.8000
                                         E: jfrancis@consumerlawfirm.com
                                         E: dsearles@consumerlawfirm.com

                                         *Attorneys for Plaintiff and the Classes*