UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>-v.-<br><br>ACCUTRACE, INC.,<br><br>        Defendant. | Civ. No. **7:18-cv-09059**<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED UNDER PSEUDONYM |

### I.    STATEMENT OF FACTS

Plaintiff Jane Doe brings this consumer class action against Defendant Accutrace, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

Plaintiff Doe contends that Defendant systematically violates several sections of the FCRA: section 1681c, reporting outdated adverse public record information; section 1681e(b), failing to follow reasonable procedures to assure maximum possible accuracy in the preparation and sale of consumer reports; and, section 1681b(b)(3), using consumer reports to take adverse employment actions without, beforehand, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA, leaving the person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

Ms. Doe was denied employment based on the contents of an Accutrace background report that improperly contained information that by law could not be disclosed. The report disclosed information regarding two separate incidents that occurred 12 years earlier when she was a minor. One of the incidents was ordered "Sealed Upon Non-Criminal Conviction." The other was a record

1

of an adjudication as a youthful offender for a misdemeanor. Under applicable law, neither record was permitted to be disclosed.

Jane Doe is now a 32 year old adult healthcare professional, residing in Mt. Vernon, New York. She has not revealed her juvenile criminal record history to anyone other than family and closest friends. She fears that people would treat her differently and unfavorably if they knew the details of her past as a juvenile offender. She also fears that disclosure of her history will affect her in the future, and that the stigma associated with criminal records, if disclosed in this litigation, will negatively influence her ability to participate in the workforce. Because disclosure of her identity and history of juvenile offenses would cause additional anxiety and stress and would aggravate her illness, Jane Doe respectfully requests she be permitted to pursue this litigation under a pseudonym.

## II.     STATEMENT OF QUESTION PRESENTED

Should Plaintiff Jane Doe be permitted to proceed under a pseudonym where the claims presented arise from the disclosure of her juvenile criminal record history and where Jane Doe fears that she will be stigmatized in the community and with regard to opportunities for employment by disclosure of her identity and her criminal history?

Suggested Answer: Yes.

## III.     LEGAL ARGUMENT

In the Second Circuit, the governing case is *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). In that case, the court identified a number of factors for district courts to take into account when considering a request such as Ms. Doe's. The list is non-exhaustive, but includes:

> (1)     whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and,

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiffs*, 537 F.3d at 190 (citations and quotation marks omitted).

The first factor is easily met. The litigation involves highly personal and sensitive information regarding events in Ms. Doe's personal life that took place several years before she reached the age of majority. The sensitive nature of the information is underscored by the fact that the law does not permit its disclosure.

The second, third and fourth factors are also met. If Ms. Doe were publicly disclosed as having been involved in the long-ago incidents, she would understandably be mentally and emotionally upset and harmed by the revelation, justifiably embarrassed and fearful of the

3

consequences to her ability to gain employment. Ms. Doe is particularly vulnerable to disclosure because it threatens her ability to earn a livelihood.

Fifth, this suit challenges the actions of a private party, not the government.

Sixth, there is no prejudice to the Defendant from allowing Ms. Doe to proceed anonymously. This case will focus on purely legal claims arising from undisputed facts – the juvenile records at issue and Defendant's business practice and procedures with regard to commissioning background reports and taking action based on those reports. Ms. Doe's real name has nothing to do with the main elements of the claims asserted in this case. Anonymity does not provide Plaintiff with any tactical advantage, does not impair Defendant's ability to defend itself and does not delay the litigation or increase costs to any party.

Seventh, to date, Ms. Doe's identity has not been disclosed, to her knowledge, and she wishes to keep it that way for the reasons set forth herein.

Eighth and ninth, there is no public interest in disclosing her identity; rather, the public interest will be served by her challenge to Defendant's non-compliant business practices, and hopefully by rectifying them. The public has very little, if any, interest in knowing the identity of Jane Doe and Plaintiff's use of a pseudonym will not interfere with the public's right and ability to follow the proceedings. Due to the undisputed facts and narrow legal claims, there is little reason for her identity to be disclosed in order that her and the Class' rights be vindicated. There is in fact a substantial public interest in maintaining Plaintiff's anonymity; otherwise, similarly situated employment applicants may well be deterred from seeking to enforce their rights.

Finally, as to the tenth factor, Plaintiff is unaware of any practical, alternative means to keep her identity undisclosed.

In another matter filed by Plaintiff Doe in this District, the Court granted her motion to proceed under pseudonym. *Doe v. Cross Country HealthCare Inc., et al*, Civ. No. 18-cv-5333

4

(S.D.N.Y. June 18, 2018) (ECF 10). Many other courts considering a request for leave to proceed anonymously have also granted such requests. *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997), citing *Coe v. United States Dist. Court for Dist. Colo.*, 676 F.2d 411, 414 (10th Cir.1982). *See also Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006); *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir.1979); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir.1997); *Doe v. Harris*, 495 F.Supp. 1161 (S.D.N.Y. 1980); *Doe v. Gallinot*, 486 F.Supp. 983 (C.D. Cal. 1979); *Doe v. New York Univ.*, 442 F.Supp. 522 (S.D.N.Y. 1978).

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court enter the proposed order accompanying this Motion.

Respectfully submitted,

Dated: October 3, 2018

*/s/ Adam G. Singer*
ADAM G. SINGER
**LAW OFFICE OF ADAM G. SINGER**
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T: 212.842.2428
E: asinger@adamsingerlaw.com

**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice forthcoming*)
DAVID A. SEARLES (*pro hac vice forthcoming*)
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: dsearles@consumerlawfirm.com

*Attorneys for Plaintiff and the Class*